(Pleito No. 117.—Fallado el 10 de Abril de 1901.)

## Padró contra Río.

Recurso contra sentencia dictada por la Corte de Distrito de Arecibo.

Interdicto de recobrar posesión. En el interdicto sólo puede discutirse sobre el hecho de la posesión, no sobre el derecho á la misma, que debe substanciarse en juicio ordinario.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez de Abril de mil novecientos uno, en los autos de interdicto de recobrar la posesión, iniciados ante el Tribunal del Distrito de Arecibo, pendiente ante Nos, del recurso de casación por infracción de ley, interpuesto por Don Félix Padró y Oliveres, vecino de Ciales, comerciante, representado y dirigido por el Letrado Don Herminio Díaz Navarro, estándolo por el Licenciado Don Rafael López Landrón, Don Alonso del Río y Díaz, que es vecino de Morovis y propietario.—Resultando: Que en escrito fecha veinte y nueve de Enero del año mil novecientos, presentado el treinta y uno, el Abogado Don Simón Gargé, á nombre de Don Alonso del Río, presentó demanda de interdicto de recobrar la posesión de una finca rústica, que fundó en los siguientes hechos:—1º En que Don Ramón Selvá y Marrero adeudaba contribuciones al Municipio de Morovis y para su cobro se formó expediente de apremio, y se embargó á la sucesión deudora una finca rústica, sita en el barrio de San Lorenzo de Morovis, compuesta de cincuenta cuerdas de terreno de tercera clase, quebrado, montes y malezas, lindantes por el Saliente con tierras de Don Eusebio Díaz, antes Don Tomás Rosario; por el Norte con las de Don Joaquín Rodríguez Peña, y por el Sur y Poniente con otras de Don Alonso del Río.—2º Que puesta en subasta para cubrir cuatrocientos sesenta y cuatro pesos ochenta y seis centavos, fué subastada por Don Cándido Corrada, en

doce de Abril de mil ochocientos ochenta y siete, y éste cedió á Don Alonso del Río los derechos y acciones que le correspondían como rematista de la finca, quedando subrogado en su lugar.—3º Que del Río fué puesto en posesión de la finca rematada en catorce de Julio de mil ochocientos ochenta y ocho, y en esa posesión había permanecido quieta y pacíficamente desde aquella fecha, pagando en concepto de dueño las contribuciones repartidas, percibiendo sus productos y haciendo en ella trabajos y mejoras de importancia, que le dan un valor de mil pesos.—4º Que habiéndole otorgado el Ayuntamiento la escritura de propiedad de la mencionada finca, del Río justificó su propiedad por medio de expediente aprobado por el Juzgado de Morovis, en veinte y nueve de Noviembre de mil ochocientos noventa y nueve; pero resultando inscrita la finca en el Registro, por expediente posesorio, á favor de Don José R. Selvá, fué suspendida la inscripción á favor de Alonso y tomada anotación preventiva de suspensión, remitiéndose el asiento contradictorio al Juzgado municipal de Morovis para la revocación ó ratificación del auto aprobatorio, conforme al párrafo 3º del artículo 393 de la Ley Hipotecaria.— 5º Que previos los trámites legales, el Juez de Morovis ratificó el auto de aprobación de la referida finca á favor de del Río, y fué inscrito en el Registro público el veinte y ocho de Diciembre.—6º Que el encargado que tiene del Río en la finca de que se trata, le había comunicado que el diez y nueve de Enero se había introducido en ella Don Félix Padró y tomado posesión de la misma como si fuera dueño, ordenando la salida de la finca del mencionado guarda, percibiendo frutos y emprendiendo trabajos agrícolas, todo lo cual ha realizado á espaldas de Don Alonso del Río, sin su consentimiento.—7º Que Padró tenía perfecto conocimiento del remate de la finca hecho en mil ochocientos ochenta y siete, para cubrir responsabilidad de Don José R. Selvá, así como de la legítima adquisición de del Río. Dedujo fundamentos de derecho y suplicó se declarase haber lugar al

interdicto, ofreciendo información testifical.—Resultando:
Que á la demanda se acompañó certificación del Registrador
de la Propiedad, creditiva de que al folio 88 del tomo 1º de
Morovis, se halla la anotación relativa á la subrogación de
un remate que hiciera á favor de Don Alonso del Río, Don
Cándido Corrada, remate hecho á virtud de embargo á la
Sucesión de Don José R. Selvá y Marrero, por contribucio-
nes atrasadas, cuya anotación se suspendió por hallarse regis-
trada la finca á favor de Don José R. Selvá, cuya anotación
de suspensión se convirtió en definitiva.—Resultando: Que
practicada la información pretendida, declaran los testigos
Don Eugenio Lucio y Delgado, Don Bautista Rivera Ocasio,
Don Eduardo Pacho y Padilla, Don José Abdón Rodríguez
y Don Escolástico Martínez, ser ciertos los hechos relatados
en la demanda.—Resultando: Que admitida la demanda,
se convocó á las partes al juicio verbal dispuesto por la ley,
celebrándose el acto el diez y ocho de Abril de mil
novecientos, reprodujo el actor el mérito de la información,
solicitando el demandado se declare sin lugar la demanda,
con las costas al actor, ofreciendo pruebas que fueron admi-
tidas.—Resultando: De la prueba practicada por el actor
que el demandado, absolviendo posiciones, declara que es
pariente de la sucesión de Don José R. Selvá y que la ha
demandado, pero no lo ha verificado para suscitar cuestiones
con el actor; que no es cierto que por haberse negado
Río á sus pretensiones, se haya valido del medio indirecto de
obtener embargo y adjudicación de la finca en cuestión á
sabiendas, maliciosamente, y que no es cierto no haya
solicitado la inscripción del acta de adjudicación en pago de
la finca.—Resultando: Que á instancia del actor decla-
ran los testigos Don Cándido Corrada, Don Cástulo Rodrí-
guez, Obdulio Rivera, Feliciano Santiago; el primero dijo
ser pariente dentro del cuarto grado del actor, declarando
todos, en resumen, que para cobrar á Don José R. Selvá una
cantidad que adeudaba al Municipio de Morovis, por contri-
buciones, se formó expediente de apremio por la Alcaldía y

se embargó á la sucesión deudora una finca sita en el barrio
San Lorenzo de Morovis, de cincuenta cuerdas, que puesta á
subasta para cubrir las responsabilidades del deudor, fué
rematada por Don Cándido Corrada en mil ochocientos
ochenta y siete, y éste cedió á Don Alfonso del Río los dere-
chos y acciones que le correspondían; que del Río fué puesto
en posesión de la finca en mil ochocientos ochenta y ocho, y
en ella ha permanecido quieta y pacíficamente desde entonces
en concepto de dueño; que un día del mes de Enero se
introdujo en la finca de que se trata Don Félix Padró
y, tomando posesión de ella, ordenó la salida de la finca
del guarda encargado, percibiendo los frutos y emprendiendo
trabajos agrícolas; que los hermanos Selvá no tienen ni
poseen finca rústica alguna en el barrio de San Lorenzo
de Morovis, declarando, además de lo expuesto, el testigo
Corrada, que el Ayuntamiento de Morovis sacó á pública
subasta las cincuenta cuerdas de terreno en el barrio de San
Lorenzo, que fueron embargadas á la sucesión Selvá, y el
declarante la remató por cuatrocientos sesenta y cuatro
pesos, ochenta y seis centavos, que cedió sus derechos y
acciones como rematista á del Río, quién fué puesto en
posesión de dicho terreno, que ha poseído desde mil ocho-
cientos ochenta y ocho á título de dueño; que del remate de
dicha finca tenía conocimiento Félix Padró, quien sabía que,
desde mil ochocientos ochenta y ocho, del Río era legítimo
dueño; reconociendo además este testigo el documento de
folio cuarenta y cuatro, sobre cesión de derechos y acciones
del remate de la finca á que se refieren estos autos.—Resul-
tando: Que como prueba presentó también el actor, dos
certificaciones expedidas por la Alcaldía de Morovis, relativas
al procedimiento de apremio contra la sucesión de Don José
R. Selvá, para el pago de contribuciones, apareciendo en
dichas certificaciones el acuerdo tomado por el Ayunta-
miento en primero de Marzo de mil ochocientos ochenta y
siete, ordenando el embargo de bienes; otra certificación
de la misma Alcaldía, creditiva de que desde mil ochocientos

ochenta y ocho á ochenta y nueve, no figuran en los repartos de contribuciones los sucesores de Selvá, por una finca rústica de cincuenta cuerdas, radicada en el barrio de San Lorenzo de aquella jurisdicción, y otra creditiva de que, desde el año indicado, viene figurando en el pago de esas contribuciones Don Alonso del Río.—Resultando: Que el demandado presentó como prueba cinco certificaciones expedidas por el Juzgado municipal de Ciales, creditivas de que en el juicio seguido por el demandado contra los hermanos Doña Angela, Don José Ramón y Don Teodosio Salvador Selvá, se celebró acta de remate de la finca á que se refiere este interdicto, en siete de Diciembre de mil ochocientos noventa y nueve, y fué adjudicada al actor Don Félix Padró, al que por auto de veinte y dos del mismo Diciembre, se ordenó dar posesión de ella, verificándose ésta en diez y nueve de Enero de mil novecientos; certificación del Juzgado municipal de Morovis, creditiva de que en el expediente para cumplir una disposición del Registrador de la Propiedad, relativa al expediente posesorio instruído por del Río, compareció la Sucesión Selvá oponiéndose á la información solicitada.—Resultando: Que seguido por sus trámites el interdicto, se dictó sentencia por el Tribunal de Arecibo, en diez de Mayo del año anterior, declarando con lugar la demanda de interdicto, con los demás pronunciamientos inherentes á esta clase de juicios.—3º Resultando: Que contra esta sentencia se ha interpuesto recurso de casación, por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y alegando en su apoyo los siguientes motivos:—1º: Error de hecho en la apreciación de la prueba, porque de los documentos auténticos que constan en los autos resulta que Don Félix Padró está en la tenencia real de la finca, porque el Juzgado Municipal de Ciales le dió la posesión material en diez y nueve de Enero de mil novecientos, sin que nadie se opusiera ni interrumpiera el procedimiento judicial que se siguió, teniendo en todo caso Don Alonso del Río la

posesión civil.—2º: Error de derecho en la apreciación de las pruebas, infringiéndose el artículo 1,218 del Código Civil, porque no se ha dado á los documentos públicos presentados el valor probatorio que les otorga esa disposición, entrando el Tribunal en discusiones ajenas á los interdictos, en los que sólo debe discutirse el hecho de la posesión material, dejando á las partes su derecho á salvo para que lo ejerciten y desarrollen en el juicio amplio de propiedad, ya que no lo hizo en su oportunidad por medio de la correspondiente tercería.—3º: Infracción de los artículos 438, 439, 446 y 448 del Código Civil, en relación con el 1,496, 1,531 y 1,649 de la Ley de Enjuiciamiento Civil, y doctrina del Tribunal Supremo, en su sentencia de treinta y uno de Agosto de mil ochocientos noventa y ocho, porque desde el momento en que se entrega á un rematista la cosa por él rematada, adquiere el derecho de que su posesión se respete por todos, y de que los Tribunales le mantengan en ella, sin que obste el que se haya solicitado la nulidad del remate ó el que éste sea realmente nulo, porque ello en manera alguna puede destruir el hecho de la posesión ni afectar los derechos que de ella se derivan.— Resultando: Que dicho recurso fué impugnado en el acto de la vista por la parte contraria.—Visto: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que el Juez Municipal de Ciales, con la potestad de que se hallaba investido y con la facultad que tenía para conocer de ciertos negocios, ya por la naturaleza de las cosas, ó bien por razón de las personas, pudo, cumpliendo con la Ley, admitir, sustanciar y decidir el juicio verbal promovido por Don Félix Padró, hasta darle posesión de la finca rematada, ya que por nadie se discutió el dominio, como pudo hacerse en el juicio de tercería correspondiente.—Considerando: Que en el interdicto sólo puede discutirse sobre el hecho de la posesión, no sobre el derecho á la misma, que es lo que implica el fondo de la sentencia recurrida, y si se tolerase discutir el derecho con que el tenedor posee la finca, perde-

ría su naturaleza el interdicto y estaría de más en la Ley éste ó el juicio ordinario para discutir ampliamente la posesión y la propiedad, debiendo fundirse en un solo juicio.—Considerando: Que tampoco puede afectar al interdicto la discusión de posesión de buena ó mala fe, porque sólo es discutible el hecho de poseer, sin consideración á las circunstancias de cómo y por qué se posee.—Considerando: Que, aparte de que contra las resoluciones judiciales no cabe ese juicio sumarísimo, sino el juicio ordinario correspondiente, tampoco puede afirmarse que Padró ha entrado violenta ni clandestinamente en la finca, requisitos indispensables para que el despojo exista, porque no puede calificarse de tal el derecho ejercitado, y que arranca de resoluciones del Juez competente.—Considerando: Que por las razones expuestas el Tribunal de Arecibo ha cometido los errores que en el recurso se le atribuyen.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación, por infracción de ley, interpuesta por Don Félix Padró, y en su consecuencia casamos y anulamos la sentencia que en diez ·de Mayo del año anterior dictó el Tribunal de Arecibo.—Así por esta nuestra sentencia que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico á diez de Abril de mil novecientos uno.—E. de J. López Gaztambide, *Secretario*.